This is an appeal from a judgment entered on a jury verdict in favor of the defendant in a personal injury action. We affirm.
On December 2, 1980, Bernard Perry, while working on a "rail gang" for the defendant, was injured when he was struck in the chest by the handle of a piece of equipment that extended out over the bed of a flatcar. Perry went to the emergency room at a nearby hospital, where he received a prescription for pain medication and his arm was placed in a sling.
On August 7, 1981, Perry visited E.O. Marsigli, M.D., complaining of pain in his left knee. A few days later, Dr. Marsigli admitted Perry to the hospital and removed a portion of Perry's left patella, or knee cap. Subsequent to his discharge from the hospital, Perry was treated by Dr. Marsigli on several occasions.
In May 1982, Perry was examined by Harry Fish, M.D. Perry admitted that he consulted Dr. Fish because of the referral and recommendation made by his attorney. During the initial visit, Perry provided Dr. Fish with a medical history that included a summary of the accident that occurred on December 2, 1980. After receiving this medical history from Perry, Dr. Fish proceeded to perform a complete physical examination, which included X-rays. Following this initial visit, Dr. Fish saw Perry on four occasions during the next 22 months.
In March 1985, the attorneys for the parties met in North Carolina and took the deposition of Dr. Fish. During the course of the trial, the deposition of Dr. Fish was read into the record. However, the trial court sustained the defendant's objections to the admissibility of certain portions of the deposition, which communicated, and were based on, the medical history given to Dr. Fish by Perry. The issue before us on appeal is whether the trial court committed reversible error by excluding this evidence.
As a general rule, "a medical opinion based solely upon the history and subjective symptoms related to the doctor solely
for the purpose of enabling him to testify at trial is inadmissible." Southern Ry. v. Roberts, 380 So.2d 774 (Ala. 1980) (citing Petition of United States Steel Corp.,436 F.2d 1256 (6th Cir. 1970), cert. denied, Cook v. United States SteelCorp., 402 U.S. 987, 91 S.Ct. 1665, 29 L.Ed.2d 153 (1971)) (emphasis added). However, as was recognized in Southern Ry., supra, various conditions and circumstances may arise that allow a doctor to give his medical opinion based upon the medical history given by the patient.
In the instant case, Perry first visited Dr. Fish in May 1982, approximately 3 years before Dr. Fish's deposition was taken, and approximately 4 1/2 years before the trial in this case. Further, Dr. Fish performed complete physical examinations of Perry, which included the taking of X-rays. These services were rendered in order for Dr. Fish to be able to treat the patient. Dr. Fish was not consulted solely for the purpose of enabling him to testify at trial; in fact, Dr. Fish examined and treated Perry on at least five occasions, and Perry considered Dr. Fish to be his treating physician.
These facts are very similar to those facts set forth inSouthern Ry., supra, which we found to be sufficient to uphold the trial judge's ruling that the statements regarding the medical history were admissible. Furthermore, the trial judge in the *Page 698 
instant case recognized that at some point in time Dr. Fish had become Perry's treating physician. Considering all of the foregoing, we are of the opinion that the trial court erroneously excluded the medical history as given to Dr. Fish and offered into evidence for the purpose of establishing the foundation of his opinion.
Nevertheless, the appellee insists that the erroneous exclusion of portions of Dr. Fish's deposition testimony is not so prejudicial as to constitute reversible error. We agree.
In his complaint, Perry alleged that the accident had caused injuries to his "chest, back, right arm, right hand, right shoulder and knee." The uncontroverted evidence revealed that on December 2, 1980, Perry was involved in an accident that caused injuries to his chest, which was struck in the accident, and to his arm, which was placed in a sling at the emergency room following the accident.
The excluded portion of Dr. Fish's deposition testimony pertained exclusively to the single issue of the injuries to Perry's knee. Although there was some dispute as to whether the knee injury resulted from the trauma of the accident or was the result of a progressively degenerative condition, it was uncontroverted that injuries were sustained to the arm and chest.
Because the jury returned a general verdict in favor of the defendant, and it was undisputed that the plaintiff incurred some damages, the only permissible conclusion is that the jury absolved the defendant from any liability. Therefore, the defendant having no liability, it is inconsequential whether the knee injury was caused by the accident.
 "It is clear in Alabama that, where there is a general verdict absolving the defendant from liability, reversal cannot be based upon the action of a trial court in rejecting or admitting evidence that goes merely to the extent of injury and damages." Acklin v. Bramm, 374 So.2d 1348 (Ala. 1979) (citing Broughton v. Kilpatrick, 362 So.2d 865 (Ala. 1978), and Donaldson v. Buck, 333 So.2d 786 (Ala. 1976)).
Applying this rule of law to the facts in the present case, we hold that the error of the trial court in excluding a portion of the deposition testimony of Dr. Fish was harmless error. Rule 45, A.R.App.P. Therefore, the judgment appealed from is affirmed.[1]
AFFIRMED.
JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] Because the appellant's second issue was raised for the first time on appeal, we will not address the issue of whether the rule of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), barring the use of preemptory strikes to discriminatorily strike members of the jury venire on the basis of race, in the criminal setting, has application in the civil setting. See, Branch v. State, 526 So.2d 609 (Ala. 1987), for this Court's treatment of the Batson rule in the criminal setting.