The plaintiffs, Wayne and Dorothy Baker, appeal from a judgment entered after a jury verdict for defendants Merry-Go-Round Roller Rink, Inc., Carousel Skating Center, and Donald G. Clarke, Jr., and a directed verdict for defendant Donald G. Clarke, Sr.
Wayne Baker, his wife Dorothy, and their children went roller skating at the Carousel Skating Center. Mr. Baker fell, injuring his foot and leg. The Bakers sued, alleging that Mr. Baker's fall, and the injuries resulting from that fall, were caused by a hole allegedly in the floor of the skating rink, that the rink had been negligently maintained, and that the defendants had negligently failed to discover and repair the defective skating surface. Mrs. Baker sought damages for the lost consortium of her husband, Wayne. The defendants specifically denied that a hole existed and charged Mr. Baker with contributory negligence.
At the trial, the plaintiffs testified that Baker's skate hit a hole in the floor and caught, causing him to fall. They introduced photographs taken by a niece of Baker a day or so after the fall, which show a discolored area. The defendants denied that a hole existed. They offered testimony that would support a finding that there was no hole in the floor. They did not deny that Baker fell while skating, but strenuously denied that a hole in the floor caused the fall. Baker, they assert, did not, at the time of the accident, mention that a hole was the cause of the fall. Raymond Cook, the rink's general manager and a skating instructor, testified that infrequent skaters are more likely to fall than skaters with more experience, and that skaters who turn with their weight on their left leg are more likely to fall and injure themselves than skaters who use more advanced turning techniques. The plaintiffs argue that the trial court erred to reversal in allowing this testimony, because, they say, it was not relevant or material.
"[R]elevancy . . . [is] within the sound discretion of the trial court. This discretion is not reviewable in the absence of a gross abuse of that discretion." Raines v.Williams, 397 So.2d 86, 88 (1981) (citing, Costaridesv. Miller, 374 So.2d 1335 (Ala. 1979), Moon v.Nolen, 294 Ala. 454, 318 So.2d 690 (1975)). Thus, the trial court's decision must be plainly erroneous before this Court may reverse a decision that the trial court is inherently better situated to render.
The plaintiffs argue that the trial court should have excluded Mr. Cook's testimony because, they say, the substance of that testimony was neither material nor relevant. Evidence is material when it gives rise to an inference that is an ultimate issue in the case. C. Gamble, McElroy's AlabamaEvidence, § 21.01(1) (3rd ed. 1977). The defendants' answer contains the affirmative defense of contributory negligence. Mr. Baker's testimony revealed that he is an inexperienced skater, that he takes medication for nervousness, and that he fell while making a left turn after shifting his weight to his left leg. Mr. Cook testified that inexperienced, nervous skaters who make left turns while keeping their weight on their left foot are more likely to fall. Clearly, this testimony supplies an inference that factors other than a defect in the surface of the rink may have been the proximate cause of Mr. Baker's injuries. Because causation is an ultimate issue in this case, the skating instructor's testimony is material.
Evidence is relevant when it has some tendency to shed light on the inquiry at issue. Fountain v. Phillips,439 So.2d 59, 62 (Ala. 1983). Here, the issue is what caused Mr. Baker to fall: was it a hole in the surface of the skating rink, or did his own inexperience contribute to his fall? There seems but little question that a sufficient connection exists between Mr. Cook's testimony and the inference that Mr. Baker's own negligence caused his injuries to allow this evidence to be properly placed before the jury. We hold that the trial *Page 3 
judge did not abuse his discretion in overruling the plaintiffs' objections to materiality and relevancy.
The plaintiffs further contend that Mr. Cook was not qualified to render opinion evidence regarding the cause of accidents and the nature of physical injuries sustained by other infrequent skaters. The trial court admitted Mr. Cook's testimony as that of an expert. As with matters of materiality and relevancy, questions concerning the qualifications of expert witnesses are largely left to the discretion of the trial judge, and his decision will not be reversed unless he abuses his discretion. Cook v. Cook, 396 So.2d 1037,1041 (Ala. 1981).
The record reflects that Mr. Cook graduated from the University of Alabama with a degree in recreational administration, that he worked for Merry-Go-Round for five years as a general manager and skating instructor, and that he designed a college-level course in skating that was approved and used by the University of Alabama. Significantly, the plaintiffs chose not to discredit Mr. Cook's qualifications through voir dire examination, cross-examination, or the testimony of another witness. Consequently, the trial court did not abuse its discretion in allowing Mr. Cook to testify as an expert.
In addition, the plaintiffs claim error in the trial court's refusal to admit into evidence two photographs, ostensibly showing the area of the floor in which Mr. Baker fell, taken 15 months after his fall, and 14 months after the defendants had resurfaced the rink. We cannot find that the trial judge abused his discretion when he refused to admit the two photographs.
While the plaintiffs concede that, generally, evidence of subsequent remedial measures is inadmissible to prove negligence, they argue that these pictures are admissible, under recognized exceptions, to contradict or impeach a witness or to establish a condition existing at the time of the accident. See Banner Welders, Inc. v. Knighton,425 So.2d 441, 444-45 (Ala. 1982); Holland v. First NationalBank of Brewton, 519 So.2d 460, 462 (Ala. 1987).
These exceptions, however, are inapplicable under the present facts. First, the plaintiffs successfully impeached the testimony of defense witnesses without use of the photographs. Any impeachment through use of the photographs, therefore, would have been cumulative. See Bagley v. Grime,283 Ala. 688, 220 So.2d 876 (1969) (because of the prejudicial nature of photographs depicting the deceased at the accident scene and because evidence of the location of the automobile was already admitted, photographs were held "at least useless" and their exclusion was affirmed). Second, the trial judge admitted into evidence additional photographs of the accident scene taken by the plaintiffs within a week of the accident. The excluded photographs were not, therefore, necessary to show the condition of the scene at the time of the accident. Finally, it seems apparent that the principal function of the excluded pictures was to serve the plaintiffs by drawing the attention of the jury to the changed conditions of the skating rink from the time of the accident in February 1985 to the time the pictures were taken in May 1986. Thus, the trial judge was justified in excluding the photographs, because prejudice to the defendants may well have outweighed their probative value. The trial judge's ruling was reasonable; consequently, there was no abuse of his discretion.
The trial court found that the plaintiffs failed to adduce any evidence to show that Donald G. Clarke, Sr., had a responsibility to inspect the skating surface at the Carousel Skating Center, and, therefore, the court directed a verdict for that defendant. The jury subsequently returned a verdict for the remaining defendants, apparently finding either that there was no hole in the skating rink floor or that the defendants had not negligently failed to maintain the rink in a reasonably safe condition. The plaintiffs argue that the trial court erred in granting Donald G. Clarke, Sr., a directed verdict. *Page 4 
Because of the jury's resolution of the issue of liability with respect to the remaining defendants, and because the evidence does not show that Clarke had been assigned, or had assumed, any personal responsibility for inspecting and maintaining the floor, we need not address this allegation of error. See, Rice v. Deas, 504 So.2d 220 (Ala. 1986).
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.