John D. Tidball and his wife, Velma Jean, along with their son, John Paul, sued Orkin Exterminating Company, alleging that when they contracted with Orkin to treat their home for termites, Orkin told the Tidballs, in response to their specific inquiry, that it would not use a particular chemical, chlordane. The Tidballs further alleged, however, that chlordane was indeed used, and that, as a result, each of them suffered various physical ailments. The Tidballs, in their complaint, asserted breach of contract, fraud, and negligence claims against Orkin. Following a jury trial, the court entered a judgment for Orkin and against the Tidballs, in accordance with the verdicts returned by the jury. The Tidballs appeal.
The only issue raised in this appeal is whether the trial court erred in excluding from the jury certain testimony by one of the Tidballs' witnesses, Dr. Melvin D. Reuber. The trial court's ruling prohibited Dr. Reuber from giving his diagnosis of the Tidballs' ailments, which was based upon the Tidballs' symptoms as set out in their medical records and their depositions.
The record in the present case reflects that Dr. Reuber, a board-certified pathologist and a specialist in toxicology, has previously researched the effects of certain chemicals, such as chlordane, upon humans. The trial court allowed Dr. Reuber to testify, in a general nature, about symptoms that may arise from exposure to chlordane. However, the court refused to allow Dr. Reuber to give a diagnosis of the Tidballs based solely upon his review of their medical records or to otherwise give opinion testimony linking the symptoms allegedly suffered by the Tidballs to their exposure to chlordane. Dr. Reuber, by his own admission, never treated any member of the Tidball family as a physician and had never met them prior to coming into the courtroom on the day that he was to testify.
The trial court sustained objections to Dr. Reuber's testimony based on Orkin's citation of Perry v. Seaboard CoastLine R.R., 527 So.2d 696 (Ala. 1988), and Southern Ry. Co. v.Roberts, 380 So.2d 774 (Ala. 1979). Perry, citing Roberts, stated a supposed general rule that "a medical opinion basedsolely upon the history and subjective symptoms related to the doctor solely for the purpose of enabling him to testify at trial is inadmissible." 527 So.2d at 697 (emphasis in original). For the rule just quoted, Roberts cited a United States Sixth Circuit Court of Appeals opinion and added, "SeeHagler v. Gilliland, 292 Ala. 262, 292 So.2d 647 (1974)."
Hagler allowed the testimony by a manager of a local Alabama State Employment Service of his opinion, based on a history given him by the plaintiff and on his examination of her medical records, as to her permanent loss of employability. Obviously, the plaintiff did not consult the employment service manager for "treatment," so Hagler does not support the general rule set out in Roberts and Perry. Therefore, Perry and Roberts
are overruled to the extent that they erroneously state a rule of inadmissibility of a medical opinion based solely upon the history and subjective symptoms related to a doctor solely for the purpose of enabling him to testify at trial.
In their brief, the Tidballs cite to us two of our recent decisions that we find correctly state the law relating to the issue presented in this case. In Seaboard System R.R. v. Keen,514 So.2d 1018 (Ala. 1987), the defendant appealed from the trial court's admission of a doctor's deposition into evidence, asserting that the doctor's testimony was inadmissible hearsay. The plaintiff had not seen the testifying doctor for treatment, but only to prepare him for trial. Seaboard argued that, under those circumstances, the degree of reliability of the plaintiff's statements to the doctor was not as high as it would have been if he had been seeking treatment. In affirming the judgment of the trial court, this Court held that such questions go to the weight of the testimony rather than its admissibility. Furthermore, in Ravi v. Williams, 536 So.2d 1374
(Ala. 1988), this Court held that a physician can state an opinion based on facts in evidence, so long as proper hypothetical *Page 241 
questions are propounded to the witness.
The admission of Dr. Reuber's testimony is supported not only by this Court's opinions in Keen and Ravi, but also by StateRealty Co. v. Ligon, 218 Ala. 541, 119 So. 672 (1929), which is cited in both Hagler and Keen. There, Justice Bouldin, writing for the Court, stated:
 "The law recognizes that, in the practice of medicine, a diagnosis of the ailment may include a personal examination of the patient by all the methods known to science, and also the history of the case, as given by the patient or other examining physician.
 "This history may include a statement of present and past symptoms, the incidents connected with the beginning of the trouble, such as injury by accident, and the findings of other physicians, such as X-ray examination and blood tests. A professional opinion as to the nature, cause, and extent of the ailment, based upon all these matters in connection with and as part of the personal examination of the patient, is competent evidence. Necessarily the information coming to the physician may be largely hearsay. An exception is made because of the necessities of medical science, because the patient's statements are presumed to be made to aid a correct diagnosis and cure, and the professional reports of physicians and nurses with the same end in view.
 "If it otherwise appears that the statements of the patient were for other ends, or any item of information was not true, or in doubt, this goes to the probative force of the opinion of the physician. If it appears affirmatively that the sole ground on which the opinion was based was false, such opinion should be disregarded. If this appears without conflict or adverse inference, the opinion based thereon should be excluded. 1 Wigmore on Evidence, § 688; 3 Wigmore, § 1720."
Ligon, 218 Ala. at 543-44, 119 So. at 674 (emphasis added). Thus, the rule stated in Ligon was that the opinion of a medical expert should be admitted unless based on "facts" that were undisputedly false, and that any lesser cloud on the facts hypothesized, such as the plaintiff's motive for untruthfulness in consulting the expert solely for his testimony, would go to "the probative force of the opinion," not to its admissibility. This is a sounder and better established rule than that stated in Roberts and Perry.
The questions propounded to Dr. Reuber related to his opinion based on his examination of the Tidballs' medical records, their deposition testimony, and documents concerning the examination of the house for chlordane. There is no indication that any of the facts on which Dr. Reuber based his opinion were not in evidence; no objection was made on that basis. Therefore, we find that the court erred in sustaining the objections to Dr. Reuber's testimony, and we overruleRoberts and Perry to the extent they are inconsistent withRavi, Keen, Hagler, and Ligon.
The judgment of the trial court is due to be reversed and the cause remanded for further proceedings consistent with the opinion of this Court.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY and INGRAM, JJ., concur.