ROBERTSON, Presiding Judge.
This is an appeal from the entry of summary judgment against William Edgar Coker, Jr.
Coker, an Alabama resident, filed a complaint, in which he sought workers’ compensation benefits for an on-the-job injury he allegedly suffered while employed by Twin County Farm Service (Twin County), a Florida corporation. Coker claimed that he suffered injuries on September 4, 1990, and on January 25 or 26, 1991, in Escambia County, Florida, during the course and within the scope of his employment with Twin County.
Twin County filed a motion for summary judgment, in which it alleged that the trial court lacked jurisdiction over the ease, because Coker’s claims were exclusively within the jurisdiction of the Florida Workers’ Compensation Act. Twin County also filed the deposition of Coker, in which Coker stated that he filled out a job application, insurance forms, and tax forms at Twin County’s office in Walnut Hill, Florida; that Twin County did not have an office or warehouse in Alabama; that he spent 75% to 80% of his time working in Florida; that he spent 15% to 20% of his time working in Alabama; that his duties at Twin County included maintaining equipment, mixing fertilizer, and spraying cotton; that both injuries he sustained during the course of his employment with Twin County occurred in Florida; that he filed a workers’ compensation claim in Florida; and that Twin County’s workers’ compensation insurance paid all of his medical bills.
In opposition to Twin County’s motion for summary judgment, Coker relied on the affidavit of Ronald Upton, general manager of Twin County from January 1987 to September 1990. Upton stated that Twin County’s main office was located in Walnut Hill, Florida; that Twin County does business in Escambia County, Florida, and Es-cambia County, Alabama; that Twin County routinely made trips to Atmore, Alabama, in order to obtain sulfur; that Twin County’s business involved the retail sale of, and the spreading of, fertilizer, lime, agricultural chemicals, and other farm products into the fields of farms located in Alabama and Florida. Upton also stated that Coker was a resident of Escambia County, Alabama; that Coker was injured in Florida on September 4, 1990, when he attempted to lift a heavy bag of nutrients; that he was personally familiar with the rough ride in the cab of a spreader truck traveling through the fields, making the turns across the rows, terraces, washes, and other unlevel terrain as required to spread the fertilizer; and that he believed that Coker could very well have aggravated the September 4, 1990, injury by spreading fertilizer in Alabama.
Twin County filed a motion to strike the affidavit of Upton, which was partially granted. The trial court entered an order granting Twin County’s motion for summary judgment.
Coker contends on appeal that he suffered an injury in the course of his employment with Twin County within Alabama, that the trial court abused its discretion by striking a portion of Upton’s affidavit as medical opinion, that his employment was principally located in Alabama by virtue of his Alabama residence and because he spent time in the service of Twin County working in Alabama, and that he was injured while working under a contract for hire made in Alabama during the course of employment not principally localized in Alabama.
The law regarding summary judgment is well established. Rule 56, Alabama Rules of Civil Procedure, provides that a summary judgment is proper when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Amerine v. James Tyson Co., 578 So.2d 1327 (Ala.Civ.App.1990). The party moving for summary judgment has the burden of negating the existence of a material fact. Rule 56, A.R.Civ.P. After the party moving for summary judgment has made a prima facie showing that there is no genuine issue of material fact, the burden of proof shifts to *934 the non-moving party, who must show “substantial evidence” in support of his position. Bowden v. Southern Risk Services, Inc., 574 So.2d 813 (Ala.Civ.App.1990).
The record reveals that Coker was injured on two separate occasions in Florida. The only evidence in the record to support the assertion that Coker's injuries were aggravated in Alabama comes from the following portion of Upton’s affidavit:
“I am personally familiar with the rough ride in the cab of a spreader truck traveling through the fields, making the turns across the rows, terraces, washes and other unlevel terrain as required to spread the fertilizer. I believe that [Coker] could very well have aggravated his injury in Alabama spreading fertilizer.”
The trial court struck this portion of Upton’s affidavit on the ground that Upton was not qualified to state a medical opinion regarding the alleged aggravation of Coker’s. condition while Coker worked in Alabama. The record reflects that Upton was a general manager at Twin County and that he did not have any medical training. In addition, Upton’s affidavit does not indicate that he ever observed Coker in pain while Coker was working in Alabama, or that he ever observed Coker performing any activity in Alabama during the course of Coker’s employment. Therefore, we find that the trial court did not abuse its discretion by striking this portion of Upton’s affidavit. Even if the trial court had considered this testimony, it would not have been sufficient to defeat Twin County’s motion for summary judgment. Our supreme court has held:
“A party opposing a motion for summary judgment cannot create a genuine issue of material fact by merely stating that he believes that the statement of fact made in support of the motion is incorrect. He must present facts, not merely inferences based upon belief, that counter the facts offered in support of the motion.”
Davis v. Ford Motor Credit Co., 599 So.2d 1123, 1125 (Ala.1992). Therefore, even if Upton’s belief that Coker was injured in Alabama had been considered by the trial court, it would not have been sufficient to create a genuine issue of material fact because there was no evidence before the trial court to support that belief. Coker failed to present any substantial evidence that he incurred a compensable injury in Alabama during his employment with Twin County.
Consequently, we find that the trial court correctly determined that there was no genuine issue as to any material fact regarding Coker’s claim that he was injured in Alabama in the course of his employment with Twin County. We note that “[t]he question of whether a witness is qualified to render an expert opinion is traditionally left to the sound discretion of the trial court, and the decision of the trial court will not be disturbed on appeal unless this court finds that the trial court abused its discretion.” McKelvy v. Darnell, 587 So.2d 980, 985 (Ala.1991) (citations omitted).
Because the above issue is dispositive of this appeal, we find it unnecessary to address Coker’s remaining issues. We hold that Twin County was entitled to a judgment as a matter of law and that the trial court did not err in granting Twin County’s motion for summary judgment. The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.