SHORES, Justice.
The plaintiff, Leo Fox, a railroad payroll clerk, filed a complaint against his employer, CSX Transportation, Inc. (“CSX”), under the Federal Employers’ Liability Act, 45 U.S.C. § 51 (“FELA”). After a deadlocked jury led to a mistrial, the trial judge granted CSX’s “motion for judgment in the absence of a verdict.” Fox appeals. We reverse and remand.
Fox’s evidence suggested the following facts: In 1987, CSX consolidated its payroll systems from four other company offices into Leo Fox’s office. This increased his work *433 load by more than half — to a point that he was inputting into a computer terminal the information from the time cards for 500 to 700 employees, who staff as many as 100 trains per day. Fox worked in a small room measuring 7 by 8 feet. The chair and table he was required to use caused him to work in an uncomfortable position and placed a severe strain on his neck, arms, and shoulders. Fox began to experience pain in his neck, shoulders, arms, and hands. He ealled his workplace problems to the attention of senior management at CSX. In 1988, the company physician determined that Fox was no longer medically qualified to work for CSX and referred him to an orthopedic surgeon, who also determined that he was unable to perform his duties and took him out of service. Fox filed this action under the FELA, claiming that CSX had failed to furnish him a work station suitable for the job he was expected to do and had failed to provide him with employee assistance and claiming that such failure or failures had contributed to his injuries.
The case was tried before a jury on September 28, 1992. CSX moved for a directed verdict at the close of the plaintiffs evidence. The trial court denied CSX’s motion as to Fox’s negligence count, but granted it as to Fox’s count alleging intentional infliction of emotional distress. The negligence claim then went to the jury, which reported to the judge after two days that it was deadlocked. The judge declared a mistrial on October 1, 1992.
CSX filed a “motion for judgment notwithstanding the absence of a verdict,” on October 6, 1992. The trial judge granted this motion, stating in part:
“The Court finds that the plaintiff failed to produce sufficient evidence to support any finding of negligence on the part of the defendant and that the plaintiff failed to produce sufficient evidence to support any finding of any negligent act on the part of the defendant which proximately caused or proximately contributed to any injury or damage of the plaintiff. It is the opinion of the Court that a verdict should be directed and judgment be entered on behalf of the defendant.”
We must determine whether the trial court erred in granting CSX’s motion for a judgment notwithstanding the absence of a verdict. We note that we have found no such motion in any other case.
The FELA was enacted by the United States Congress in 1908 to “create a tort remedy for railroad workers injured on the job.” Alabama Great Southern Ry. v. Jackson, 587 So.2d 959, 963 (Ala.1991), cert. dismissed — U.S. -, 112 S.Ct. 994, 117 L.Ed.2d 155, 60 USLW 3447, 60 USLW 3537 (1992). The United States Supreme Court, in Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), stated that the language of the FELA was “as broad as could be framed.”
We have recognized that under the FELA the standard for determining whether the plaintiff has proven negligence is more liberal than that governing common law negligence actions, and we have said that, by enacting the FELA, Congress desired to “secure jury determinations in a larger proportion of cases than would be true of ordinary common law actions.” Southern Ry. v. Roberts, 380 So.2d 774, 776-77 (Ala.1979) (overruled on other grounds, Tidball v. Orkin Exterminating Co., 583 So.2d 239 (1991). The FELA imposes liability upon railroad employers if the railroad’s negligence played any part, even the slightest, in an employee’s injury. Baltimore & O.R.R. v. Taylor, 589 N.E.2d 267 (Ind.App.1992); Rogers v. Missouri Pacific R.R., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); Annot., “Tests of Causation Under Federal Employers’ Liability Act or Jones Act,” 98 A.L.R.2d 653 (1964).
In Seaboard Coast Line R.R. v. Moore, 479 So.2d 1131 (Ala.1985), this Court restated the rule applied by the United States Supreme Court in Rogers, supra. The controlling test “is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.” Rogers v. Missouri Pacific R.R., 352 U.S. at 506, 77 S.Ct. at 448, 1 L.Ed.2d 493 (1957). ‘“This rule has been interpreted as definitely either departing from, or eliminating in toto, the common-law
*434 concept of proximate cause.’ ” Seaboard Coast Line, 479 So.2d at 1137 (quoting Annot, 98 A.L.R.2d 657 at 659).
In this case, the plaintiff met the controlling test set out by the United States Supreme Court in Rogers and by this Court in Seaboard Coast Line. Fox presented evidence from which a jury could conclude 1) that CSX negligently failed to provide him with a proper work station; 2) that CSX negligently failed to provide him with additional personnel to assist him with his duties; and 3) that the plaintiffs injuries resulted, at least in part, from the railroad’s negligence. There was testimony that Fox complained of his working conditions to three supervisors and that they ignored his request for proper equipment; that his immediate supervisor, Mr. Hagan, while ignoring the plaintiffs request for proper equipment, did secure a properly designed computer work station for himself; that the management personnel at the home office of CSX in Jacksonville, Florida, had “ergonomically designed work stations”; and that a co-worker had heard the plaintiff complain about his work station to his immediate supervisor on more than one occasion. Thus, the trial court erred in granting CSX’s motion.
A motion for a judgment notwithstanding the verdict should be. granted only if, from the evidence, the jury could reach but a single conclusion. McDevitt & Street Co. v. Mosher Steel Co., 574 So.2d 794 (Ala.1991). That is not the case here. There was evidence from which the jury could conclude that CSX was aware of Fox’s unsafe working conditions, but failed to take reasonable steps to protect Fox from resulting injury. The plaintiff presented factual issues which should have been resolved by a jury.
For the reasons stated above, the judgment is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, KENNEDY and COOK, JJ., concur.
HOUSTON, STEAGALL and INGRAM, JJ., dissent.