MONROE, Judge.
J.H. Tucker sued his employer, SouthRail Corporation, under 45 U.S.C. § 51 et seq., known as the Federal Employer’s Liability Act (FELA), for injuries he says he sus *725 tained while working as a brakeman for SouthRail. In his complaint, Tucker alleges that he injured his back throwing a track switch that he claims was defective. Tucker claims that SouthRail negligently maintained and inspected the switch and that SouthRail failed to provide him with a reasonably safe place to work.
SouthRail filed a motion for summary judgment on the grounds that there was no evidence that the switch was defective and no evidence that SouthRail had any notice of any alleged defective condition. After a hearing on the motion, the trial court entered a summary judgment for SouthRail. Tucker appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Tucker contends that the trial court erred in entering a summary judgment for South-Rail because, he says, he presented ample evidence that the railroad negligently failed to properly maintain the track switch on which he claims he was injured.
To enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989).
“[T]o defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present ‘substantial evidence,’ i.e., ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).” Altadena Valley Golf & Country Club v. Blue Cross & Blue Shield of Alabama, 644 So.2d 913, 915 (Ala.1994).
“On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to show ‘substantial evidence’ in support of his or her position. Bean v. Craig, 557 So.2d 1249, 1252 (Ala.1990).” Altadena Valley Golf & Country Club, 644 So.2d at 915.
As noted above, Tucker brought this action pursuant to the FELA. The United States Congress enacted the FELA to “ ‘create a tort remedy for railroad workers injured on the job.’ ” Fox v. CSX Transp., Inc., 630 So.2d 432, 433 (Ala.1993), quoting Alabama Great Southern Bd. v. Jackson, 587 So.2d 959, 963 (Ala.1991), cert. dismissed, 502 U.S. 1083, 112 S.Ct. 994, 117 L.Ed.2d 155 (1992). The FELA, however, does not create a standard of strict liability. Moody v. Boston & Maine Corp., 921 F.2d 1, 3 (1st Cir.1990). The burden remains on the plaintiff to “prove the traditional common law elements of negligence, including foreseeability, duty, breach and causation.” Id.
The FELA does, however, provide for a lower standard than the common law provides for determining whether the plaintiff has proven negligence. Fox v. CSX Transp., Inc., 630 So.2d at 433. It “imposes liability upon railroad employers if the railroad’s negligence played any part, even the slightest, in an employee’s injury.” Id.; Rogers v. Missouri Pacific R.R., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). “ ‘The “slight negligence” necessary to support an FELA action is defined as a failure to exercise great care and that burden of proof is much less than the burden required to sustain recovery in ordinary negligence actions.’” Chatham v. CSX Transp., Inc., 613 So.2d 341, 344 (Ala. 1993), quoting Southern Ry. v. Roberts, 380 So.2d 774, 776 (Ala.1979), overruled on other grounds, Tidball v. Orkin Exterminating Co., 583 So.2d 239 (Ala.1991).
This is a close case. In opposition to the summary judgment motion, Tucker presented evidence that on February 7,1992, he was working as the brakeman for SouthRail on a local line originating in Tuscaloosa. Tucker said he remembered that night as being cold and clear. He said that he and his crew wanted to pull off the main line at the Cahill industry track near Northport. In his deposition, Tucker said that he lined the switch for the industry track. As he was pulling the track switch around, he said, it *726 got “hung up” and then made a popping sound and sprang loose, twisting him around and injuring his back.
Tucker said that all switches were “a little hard to throw” during cold weather, but he said he had never had one hang up as he said this particular switch did. He added that he had not had similar trouble with this particular switch, and he was not aware that anyone else had had trouble with it.
Tucker also testified, however, that he had been working the switch for two or three weeks and had never seen any fresh oil on it, and that, in his experience, when switches are properly greased and oiled, they are easier to throw. He said he did not know whether oiling this switch would have prevented his accident.
Whether the switch had been properly inspected and maintained is in dispute. In his affidavit, SouthRail track inspector K.L. Sullivan said he inspected the switch monthly from June 1991 through February 1992, the month of Tucker’s accident, and that on each inspection he found the switch to be in good working condition. However, SouthRail’s inspection records, which are included in the record, leave in doubt whether the Cahill switch where Tucker was injured was inspected monthly.
SouthRail argues that there can be no negligence on its part if it had no knowledge of any alleged defect in the switch. Although SouthRail did not have notice that this particular switch may not have been in working order, Tucker presented substantial evidence that the switch may not have been properly maintained. If the switch was not properly oiled or inspected, then it would be foreseeable that the switch would catch or otherwise fail to operate in the proper manner and that an injury could result from such a malfunction.
Given that under the FELA an employee has to show only “slight negligence” on the part of the railroad, we conclude that there is a genuine question of material fact as to whether SouthRail failed to properly maintain or inspect the switch, and if so, whether the railroad should have foreseen whether its failure to properly maintain the switch could result in injury to its employees.
The answers to those questions will determine whether SouthRail was at least “slightly negligent”; those questions are for the jury. Therefore, the trial court erred in entering the summary judgment for South-Rail. The judgment of the trial court is reversed.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.