THIGPEN, Judge.
This is an interstate custody case.
The mother appeals the denial of the Alabama trial court to modify a Florida child custody order entered when the parties divorced in 1986. There, the child’s primary physical residence was with the mother, with certain restrictions, and the father was given specific visitation privileges. One of the restrictions for the mother was that she was prohibited from removing “the residence of the minor child from St. Lucie or Indian River County *434 without first providing to [the, father] thirty (30) days written notice.”
The mother remarried and she and the child moved to Tennessee. In June 1988, the father filed a petition for modification with the trial court in Indian River County, Florida, and subsequently, a consent order was entered altering the father’s visitation.
In the summer of 1989, the mother, the child, and the mother’s new husband moved to Etowah County, Alabama. In July 1990, the mother initiated an action in Etowah County to modify the 1988 Florida consent order, specifically requesting an increase in child support and a change in the father’s visitation privileges.
The father made a special appearance in the Alabama trial court to contest its jurisdiction over the mother’s attempted modification. The trial court ruled that it “does not have jurisdiction to modify visitation rights or child support obligations under a Florida decree wherein the father still resides within the state of Florida even though the mother and child have resided in Alabama for more than two years.” Accordingly, the trial court dismissed the modification petition. The mother appeals, raising the issues of whether the trial court committed reversible error when it refused to exercise jurisdiction to modify the visitation rights of the father, and whether the trial court erred to reversal when it refused to admit into evidence an order from the Florida court that declined and deferred jurisdiction to the Alabama court. We find the latter issue to be dispositive of this appeal, and we reverse.
The Parental Kidnapping Prevention Act (PKPA) and the Uniform Child Custody Jurisdiction Act (UCCJA) govern interstate child custody disputes. Flannery v. Stephenson, 416 So.2d 1034 (Ala.Civ.App.1982). One of the main purposes of the UCCJA as it applies to this case is to assure that litigation concerning the child will take place ordinarily in the state where the child and her family have the closest connection, and where significant evidence concerning her care, protection, training, and personal relationships is most readily available. Ala.Code 1975, § 30-3-21(a)(3).
Continuing jurisdiction, however, exists in the state where the initial custody order was rendered in compliance with the PKPA, and where the child or any contestant continues to live in that state. Flannery, supra; see 28 U.S.C. § 1738A(d) (1989). The father in this case continues to reside in Florida.
In case of conflict between the two statutes, the PKPA prevails. Applegate v. Gant, 460 So.2d 1293 (Ala.Civ.App.1984). Therefore, pursuant to the PKPA, Alabama does not have the authority to modify the custody determination, unless the sister state (Florida) loses jurisdiction or declines to exercise such jurisdiction to modify such determination. See 28 U.S.C. 1738A(d) and (f) (1989); Mitchell v. Mitchell, 437 So.2d 122 (Ala.Civ.App.1982).
The record reflects that after the mother filed her modification petition in Alabama, the father filed a motion for contempt and a motion to correct arrearage against the mother in the Florida court. Apparently, the mother then moved to quash the father’s motion for contempt and the Florida court granted her motion and proceeded to state that the Florida court deferred jurisdiction to the Alabama courts. The record reflects that the parties agreed that the decree was in fact entered in Florida, and that a certified copy of that order was submitted to the trial court. The trial court refused to admit into evidence the Florida order which appears to be deferring jurisdiction over the modification to the Alabama court.
The father argued that Florida did not decline modification jurisdiction in this order but was merely staying its hand in the case until Alabama ruled on the motions before it in accordance with the PKPA act, which provides: “[I]n those instances where custody cases as to the same child are pending in different states at the same time, the court in the last case filed shall not exercise any jurisdiction if the other state’s proceedings (which were first filed) are being exercised consistently with that act.” 28 U.S.C. § 1738A(g) (1989). The trial court sustained the father’s objection *435 and the mother then made an offer of proof regarding the relevancy of the order.
It appears that at the time that Florida granted the mother’s motion to quash, Alabama was not exercising jurisdiction over the modification consistent with the PKPA because Florida had not yet declined to exercise jurisdiction.
Evidence is material when it gives rise to an inference that is an ultimate issue in the case. Baker v. Merry Go Round Roller Rink, 537 So.2d 1 (Ala.1988).
Because the question of whether Florida has declined modification jurisdiction is pertinent to whether Alabama has jurisdiction over this case, it erroneously excluded the Florida order from the evidence. Accordingly, this case is due to be reversed with instructions to admit the Florida decree into the record as relevant evidence, to consider its contents, and to make a decision regarding proper jurisdiction of this case accordingly.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.