Stefanie Parker CULP,
Plaintiff/Appellee,

v.

Warren Charles CULP,
Defendant/Appellant.

Court of Appeals of Tennessee,
Western Section, at Jackson.

July 10, 1995.

Application for Permission to Appeal
Denied Dec. 11, 1995.

Karen N. McCarthy, Memphis, for Defendant/Appellant.

Stevan L. Black, Black, Bobango & Morgan, Memphis, for Plaintiff/Appellee.

FARMER, Judge.

This case concerns the question of whether Tennessee courts have jurisdiction over this child custody proceeding. The court below determined that it has jurisdiction because Tennessee is the child's "home state" under the Uniform Child Custody Jurisdiction Act (UCCJA), T.C.A. §§ 36–6–201 to –225, and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A. The court also found that Tennessee is the more appropriate forum to adjudicate the custody and visitation issues in this case. For the reasons stated below, we reverse.

Stefanie Christine Parker Culp (Mother) and Warren Charles Culp, Jr. (Father) met in the Fall of 1990 while attending college in Birmingham, Alabama. Mother is a native of Tennessee and Father is a native of Florida. On September 21, 1991, Mother and Father were married in Germantown, Tennessee.

Following the wedding, the couple returned to Birmingham. On April 6, 1992, Mother gave birth in Birmingham to the parties' only son. Mother left Father and returned with the child to Shelby County on May 5, 1992. Between June and early July of 1992, the Mother and Father attempted reconciliation during weekend visits in Memphis. They finally separated around July 5, 1992.

On September 30, 1992, Father filed a complaint for divorce in the Circuit Court for Jefferson County, Alabama. A default judgment was entered against Mother on February 18, 1993.

On March 11, 1993, Mother filed a Complaint for Absolute Divorce in the Chancery Court of Shelby County. In the complaint, custody and visitation issues were raised. On March 24, 1993, Mother filed through local counsel a motion to set aside the default judgment and a motion to dismiss the Alabama divorce proceedings. In the motion to dismiss, Mother alleged that the Alabama court had neither subject matter jurisdiction nor jurisdiction over the parties. The motion was based on two grounds: 1) the parties were not residents of the State of Alabama, and 2) Tennessee was the child's home state. Mother also filed an answer in which she denied every material allegation in the complaint. On March 29, 1993, the Alabama court granted the motion to set aside its previous judgment, but denied the motion to dismiss, and set trial for May 6, 1993. On April 20, 1993, Father filed a motion to dismiss the Tennessee divorce action on the grounds that the Alabama court had assumed jurisdiction of the parties' divorce.

On April 28, 1993, Mother filed a motion to continue the Alabama case. She also filed a motion requesting that the court decline to exercise jurisdiction. In addition to the grounds relied upon in her prior motion to dismiss, she asserted that Tennessee is the more convenient forum to determine the custody issues involved, and that Father had failed to aver in his complaint that the child had been living in Tennessee since May 1992. Mother also filed an amended answer in which she raised the same issues as those advanced in the motion to decline jurisdiction. By order entered on May 20, 1993, the Alabama court continued the trial to July 7, 1993, but denied the motion to decline jurisdiction.

On June 25, 1993, the court below entered an order permitting Mother to proceed with her divorce in Tennessee. The court found that Tennessee is the child's "home state" under the UCCJA. The court also determined that Tennessee is the more convenient forum to adjudicate the custody determination because 1) as of the date of the order, the child had resided thirteen of the fourteen months of his life in this state, 2) Mother and the child's maternal grandparents live here, 3) the child receives medical care from physicians in Shelby County for a congenital defect, and 4) the child has no immediate family in Alabama other than his Father, who the court found was a temporary resident of the state. The order also directed Father to file a responsive pleading within 30 days of the entry of the order.

On July 7, 1993 the Alabama court entered a final judgment of divorce. The decree begins with a brief statement of the procedural history of the case in Alabama:

THIS CAUSE came on to be heard on July 7th, 1993 upon the Complaint for Divorce filed by Plaintiff and the Answer of Defendant, with oral testimony of Plaintiff taken in Open Court.

The Court notes that it has previously heard oral testimony concerning a Motion to Dismiss filed by Defendant contesting the residency of the Plaintiff. This Court subsequently ruled on March 29th, 1933 that the Plaintiff is a bona fide resident of the State of Alabama and denied Defendant's Motion.

This Court also heard oral testimony on a Motion filed by Defendant requesting this Court to decline jurisdiction of this cause. Pursuant to arguments of counsel and this Court being made aware of concurrent divorce proceedings pending in Shelby County, Tennessee, this Court communicated with the Honorable Floyd Peete, Jr., Chancellor, for Shelby County, Tennessee, regarding the issue of whether this cause should be heard in the Alabama courts or the Tennessee courts. Pursuant to the conversation with Judge Peete and

arguments made by counsel for each party, this court ruled on May 20th, 1993 that it does have jurisdiction to hear this cause and would not decline to exercise such jurisdiction. Accordingly, this cause was set for trial on the merits on July 7th, 1993 at 9:00 a.m. and notice was issued to counsel for both parties.

The Plaintiff and his counsel appeared in Open Court at the scheduled time and date announced ready to proceed. Defendant's counsel moved for and was granted permission to withdraw. Said Order of Withdrawal appears of record by separate Order. The Defendant, nor friend of Defendant, nor counsel to Defendant appeared at the call of this cause. The Court was informed by Defendant's former counsel that the Defendant would not appear.[1]

After declaring the parties divorced, the court granted custody of the child to Mother. The court granted Father visitation on the first and third weekends of each month. Visitation is to take place where the child resides. The decree further provides for the expansion of visitation rights to include longer weekend hours and holidays upon the child's reaching the age of three.[2]

On July 13, 1993, Father filed a second motion to dismiss the Tennessee court proceeding on the basis of the Alabama final decree of divorce. On August 31, 1993, Mother filed for a judgment by default based upon Father's failure to file an answer as directed by the court's June 25, 1993 order. On October 7, 1993, Father filed a motion to set aside the June 25, 1993 order and to dismiss for lack of subject matter jurisdiction.

On March 14, 1994, the court entered an order denying Father's motions. On the same day, the court below granted Father's motion for permission for an interlocutory appeal. We granted Father's application pursuant to T.R.A.P. 9.

Father presents two issues on appeal:

1. Whether the Alabama Court properly assumed jurisdiction of this divorce case under Alabama law, thus precluding Tennessee from doing so under both the Tennessee Uniform Child Custody Jurisdiction Act and the Parental Kidnapping Prevention Act?

2. Whether the Appellant filed his Motion to Set Aside The Order Of June 25, 1993 and To Dismiss For Lack of Subject Matter Jurisdiction within a reasonable time?

■ The PKPA and the Tennessee and Alabama versions of the UCCJA govern our resolution of the interstate child custody question presented. Although Father couches the custody jurisdiction issue in terms of whether the Alabama court properly exercised jurisdiction, the question before this Court is whether the Tennessee court properly assumed jurisdiction. In answering the latter question, we will consider by necessity the former as required by the PKPA and UCCJA.

Under both states' versions of the UCCJA, the courts have jurisdiction to make a child custody determination[3] by initial or modification decree if the state:

(A) Is the home state of the child at the time of commencement of the proceeding; or

(B) Had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of the child's removal or retention by a person

---

1. Mother testified by affidavit that after the trial court entered its June 25, 1993 order, she dismissed her Alabama attorney, and did not defend or appeal the Alabama divorce proceeding.

2. Additionally, the court ordered Father to pay $200 per month in support and maintenance for the child until the child reaches the age of 19, marries, or becomes self-supporting. The court deviated from Alabama's Child Support Guidelines because Father was then unemployed. The court also ordered Father to maintain health,

hospitalization and major medical insurance for the child.

3. The phrase "custody determination" is defined as "a court decision and court orders and instructions providing for the custody of a child, including visitation rights; it does not include a decision relating to child support or any other monetary obligation of any person." T.C.A. 36–6–202(2) (1991); Ala.Code Ann. § 30–3–22(2) (1989).

claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state[.]

T.C.A. § 36–6–203(a)(1); Ala.Code § 30–3–23(a)(1). The PKPA provides effectively the same basis for jurisdiction. 28 U.S.C.A. § 1738A(c)(2)(A). "Home state" is defined in both states' statutes as:

> [T]he state in which the child immediately preceding the time involved lived with such child's parents, a parent or person acting as a parent, for at least six (6) consecutive months, and in the case of a child less than six (6) months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six (6) months or other period.

T.C.A. § 36–6–202(5); Ala.Code § 30–3–22(5). The PKPA definition contains substantially the same definition. 28 U.S.C.A. § 1738A(b)(4).

The "commencement of the proceeding" in this case was the filing of the March 11, 1993 complaint for divorce by Mother in the Tennessee court. *See Brown v. Brown*, 847 S.W.2d 496, 507 (Tenn.1993). At the time Mother filed the divorce complaint, Tennessee was the "home state" of the child because the child had lived in Tennessee for ten months, since May 5, 1992, a period greater than six months. T.C.A. § 36–6–202(5). The Tennessee court, therefore, had jurisdiction of the custody proceeding under the Tennessee UCCJA and the PKPA. T.C.A. § 36–6–203(a)(1)(A); 28 U.S.C.A. § 1738A(c). The fact that the Tennessee court had jurisdiction at the commencement of the proceeding does not necessarily mean that it should have

exercised it under the UCCJA. *Brown*, 847 S.W.2d at 597–509.

When Mother filed the Tennessee divorce complaint on March 11, 1993, the divorce proceeding in Alabama was pending. As required by T.C.A. § 36–6–210, her complaint informs the court below of the Alabama proceeding. The Tennessee UCCJA mandates that

> A court of this state shall not exercise its jurisdiction under this part if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this part, unless the proceeding is stayed by the court of the other state.

T.C.A. § 36–6–207(a). The record reveals that the Alabama proceeding was not stayed by the Alabama court. Following this section, unless the Alabama court did not exercise jurisdiction "substantially in conformity" with the UCCJA, the Tennessee court should not have exercised jurisdiction.

Father argues that Alabama properly exercised "home state" jurisdiction under § 30–3–23(a)(1)(b) of the Alabama UCCJA. Mother argues, on the other hand, that because the child did not have a home state on September 30, 1992 when Father filed his divorce complaint, Alabama could not exercise home state jurisdiction. She further insists that the Alabama court did not comply with the UCCJA because Alabama could not otherwise satisfy the alternate grounds for exercising jurisdiction under § 30–3–23 of the Alabama UCCJA.[4]

■ Where Alabama's UCCJA conflicts with the PKPA, the federal statute preempts the state law. *Alvarez v. Bressett*, 602 So.2d

---

**4.** The alternate grounds for jurisdiction are:

(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
  a. The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
  b. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and:
  a. The child has been abandoned; or

  b. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4) a. It appears that no other state would have jurisdiction under the prerequisites substantially in accordance with subdivisions (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child; and
  b. It is in the best interest of the child that a court of this state assume jurisdiction.
Ala.Code § 30–3–23.

433, 434 (Ala.Civ.App.1992). In accord with the PKPA, only in the absence of "home state" jurisdiction, could Alabama courts exercise jurisdiction under these alternate grounds. 28 U.S.C.A. § 1738A(c). Because we find that Alabama properly exercised jurisdiction pursuant to § 30–3–23(a)(1)(b), we need not address these alternate grounds for assuming jurisdiction.

The "commencement of the proceeding," and therefore the relevant time for determining the home state status of the child in the Alabama proceeding, is September 30, 1992, the date Father filed the divorce complaint. At that time the child was not yet six months old. The home state of a child less than six months old is "the state in which the child lived from birth." Ala.Code § 30–3–22(5); T.C.A. § 36–6–202(5); 28 U.S.C.A. § 1738A(b)(4). Under the Alabama UCCJA and the PKPA, the Alabama court could exercise jurisdiction where Alabama *"[h]ad been* the child's home state within six months before commencement of the proceeding." Ala.Code § 30–3–23(a)(1)(b); 28 U.S.C.A. § 1738A(c)(2).

On September 30, 1992, the child had not lived in Alabama "from birth" as required by the home state definition, during the six months before the divorce complaint was filed. Alabama, however, had been at one time the child's home state. Stated another way, from April 6, 1992 until May 5, 1992, when he was removed from Alabama by Mother, the child's home state was Alabama. Therefore, according to the plain language of Ala.Code § 30–3–23(a)(1)(b) and 28 U.S.C.A. § 1738A(c)(2), Alabama had jurisdiction to make a child custody determination because it had been the child's home state within the six months before Father filed the divorce action, and he was absent from Alabama because of his removal by Mother.

In her brief, Mother relies on cases from two of our sister states for the proposition that a child who is moved from his birth state before reaching six months cannot have a home state. In the case of *In re Adoption of a Child by T.W.C. and P.C.,* 270 N.J.Super. 225, 636 A.2d 1083, 1088 (App.Div.1994), the court ruled that New Jersey was not the home state where the child was born in

Connecticut and did not come to New Jersey until he was two days old. The Supreme Court of Vermont in *In re Cifarelli,* 158 Vt. 249, 611 A.2d 394, 397 (1992), similarly held that Vermont could not be the home state because the child had been born in Bermuda, and lived briefly in New York, before arriving in Vermont. In these cases the courts held that the state which did not have jurisdiction was the one to which the child had been removed. The children in these cases were less than six months old at the relevant dates of consideration and could not satisfy the first home state definition. They also did not fit into the second definition because they did not live "from birth" in the state purporting to exercise jurisdiction. The states were neither the children's home state nor had they been the home state before the commencement of the proceeding as required by the UCCJA and the PKPA. These cases are inapposite to our case.

The Tennessee court was also prohibited from exercising initial jurisdiction by the PKPA at the time Mother filed her complaint. The PKPA provides:

A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.

28 U.S.C.A. § 1738A(g). In this case, at the time Mother filed her complaint, Alabama was exercising jurisdiction consistently with subsection (c)(2)(A) of the PKPA.

■ Father's second issue relates to the timeliness of the filing of his motions to set aside the June 25, 1993 order and motion to dismiss. Although this issue is presented in his brief, he apparently raised and argued this issue with the expectation of a challenge by Mother in this regard. It appears from the record, however, that Mother did not raise any question in the court below as to the procedural correctness of the Father's motions. Instead, Mother's counsel participated in the hearing on the motions, but argued only on the merits of the jurisdiction-

al question.[5] This Court will not rule on an issue raised for the first time on appeal. *Atkins v. Kirkpatrick*, 823 S.W.2d 547, 551 (Tenn.App.1991).

The judgment of the trial court assuming jurisdiction is reversed and the cause is dismissed. Costs of this appeal are taxed to Mother for which execution may issue.

CRAWFORD, J., and McLEMORE, Special Judge, concur.

---

**5.** Although Father designated his motion as a "Motion to Set Aside Order of June 25, 1993," at the hearing both parties argued the motion as a T.R.C.P. 60.02 motion.