IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 22, 2002 Session

## FRANK WHITE AND SUE WHITE v. GERALD EDWARD JENKINS, II

**Direct Appeal from the Circuit Court for Blount County**
**No. L-12606     Hon. D. Kelly Thomas, Circuit Judge**

**FILED SEPTEMBER 23, 2002**

**No. E2002-00275-COA-R3-CV**

The Trial Court awarded landlord a judgment against tenant for possession, rent owing, and attorney fees. On appeal, we affirm with modifications.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Linda G. Shown, Alcoa, Tennessee, for Appellant, Gerald Edward Jenkins, II.

Melanie E. Davis and David T. Black, Maryville, Tennessee, for Appellees, Frank and Sue White.

**OPINION**

In this action to evict a tenant from premises, the Trial Court, in an appeal from Sessions Court, awarded plaintiffs Frank and Sue White ("landlords") possession of the property, unpaid rent and attorney's fees, and set off monies previously paid by defendant ("lessee") to the landlords.

At the conclusion of the evidentiary hearing, the Trial Court said the lessee:

"breached the lease contract with the Whites multiple times by not paying the rent on time.. The lease provides that accepting late rent and not charging late fees, etc., doesn't waive the landlord's right to insist on that at some time in the future, and this has been a constant pattern. . . . and I don't think because they had in their account some prepaid rent, that that insulated Mr. Jenkins from the requirements of the lease

to pay his rent on time and meant that he could never be evicted for not paying his rent because he had paid the last month's rent in advance."

The disputed property is a building with a partition, and the lessee had leased a portion of the building under a written lease agreement entered on the 9th day of October 1997, for a stated rental of $900.00 per month. The lease was for one year with the option to renew. The other portion of the building was used as a market/convenience store, and had been leased to the Fleenors. Mr. Fleenor died on October 5, 1999, but had paid rent through November, 1999. The landlords leased the remaining portion of the building to lessee for $3,500.00 and lessee paid landlords $3,500.00 in October. Lessee paid Ms. Fleenor a pro-rated amount of the rent her husband had already paid to the landlords through November 12, and purchased the remaining inventory. Lessee took possession of the store on October 23. The landlords maintained throughout the trial that the $3,500.00 paid by lessee in October was for the payment of October rent on the building.

No further lease agreements were entered between the parties, but both parties agreed that the terms of the lease entered on October 9, 1997 continued to apply to both properties at the time the action was filed.

The issues raised on appeal are:

1.  Whether the trial court erred in finding that plaintiffs could properly file a detainer action when a valid commercial lease existed between the parties, when plaintiffs had accepted partial payments of rent in the month that they rendered the notice to quit, when plaintiffs gave no formal demand for rent and no opportunity to cure, and when plaintiffs had $4400 of prepaid rent in their possession?

2.  Whether defendant was constructively evicted?

3.  Whether the trial court erred in awarding plaintiffs the full rent for September/October?

4.  Whether the plaintiffs should be awarded their attorney's fees incurred in defending this appeal?

Lessee argues that the Trial Court erred in finding that plaintiff could properly file a detainer action, given the circumstances of the case. In *Cain Partnership Ltd. v. Pioneer Inv. Services Co.*, 914 S.W.2d 452 (Tenn. 1996), the Court explained that the definition in the detainer statute, Tenn. Code Ann. §29-18-104 did not address the situation where a tenant had breached the lease when the lease had not yet expired. The Court expounded on the common law regarding leases, and stated the common law rule was that the failure to pay rent did not terminate the tenancy in the absence of a forfeiture provision, and further that where there was a forfeiture provision, there had to be a formal demand for the rent ( unless that had been waived in the lease). *Id*. The Court

held that the provisions of the Restatement of Property (Second), §13.1 applied, because they reflect the "principles of mutuality and fairness which should govern the determination and enforcement of the legal rights at issue". *Id*. These provisions are as follows:

> Nonperformance of Tenant's Promise--Remedies Available
>
> Except to the extent the parties to a lease validly agree otherwise, if the tenant fails to perform a valid promise contained in the lease to do, or to refrain from doing, something on the leased property or elsewhere, and as a consequence thereof, the landlord is deprived of a significant inducement to the making of the lease, if the tenant does not perform his promise within a reasonable period of time after being requested to do so, the landlord may:
>
> (1) terminate the lease and recover damages; or
>
> (2) continue the lease and obtain appropriate equitable and legal relief, including
>
> (a) recovery of damages, and
>
> (b) recovery of the reasonable cost of performing the tenant's promise.

The *Cain* court makes clear that an action can be brought for the breach of a lease, and not just when a tenant holds over after the lease expires. *Id*. The Court determined that the old common law rule relied upon by the defendant should evolve in order to be consistent with modern business practices, and adopted the above Restatement rules, which require only that the tenant be given a reasonable period of time after being requested to perform. What is a reasonable period is a question of fact, and is reviewed *de novo* with a presumption of correctness. Tenn. R. App. P. 13.

In this case, the Court found that the landlords acted properly, and the evidence supports that finding. The proof is essentially undisputed that the defendant for many months did not timely pay the rent, as agreed.

There is no question that the landlords were "deprived of a significant inducement to the making of the lease" in that they were not receiving timely rent payments and were in danger of losing their gasoline franchise due to the lessee's actions. We affirm the action of the Trial Court in holding that the landlords could maintain the action for the breach of the lease agreement.

Defendant also argues that the specific provision allowing the landlords to terminate the lease on ten days' notice for the nonpayment of rent should not be enforced, because it is against public policy. The record reveals that the landlords' actions in regaining possession of the property were lawful, and the lease provides that the landlords may recover possession "by all lawful means". Moreover, defendant never raised this issue in the Trial Court, and took the position that the clause was applicable, but that proper notice was not given. We do not consider issues raised for the first

time on appeal. *Culp v. Culp*, 917 S.W.2d 233 (Tenn. Ct. App. 1995).

Lessee argues that plaintiffs waived their right to enforce the provisions of the lease by accepting two partial payments of rent in the month that the lease was terminated. Such waiver requires that the landlords expressly or impliedly recognize the continuance of the tenancy after knowledge of a breach by the tenant. *Woods v. Forest Hill Cemetary*, 192 S.W.2d 987 (Tenn. 1946). In this case, landlords did accept two partial payments from defendant, as they had for the prior two months. After the full rent remained unpaid by August 25, however, the plaintiffs provided defendant with the ten day notice to vacate as provided in the lease, and gave him until the end of the rental period to vacate. Thus, the landlords were within their rights to file the detainer action on September 12, when the new rental period began and the rent for the previous period was yet unpaid. This issue is without merit.

Finally, lessee argues the landlords could not terminate the lease unless the breach was material, citing *Adams TV of Memphis, Inc. v. ComCorp of Tennessee, Inc.,* 969 S.W.2d 917 (Tenn. Ct. App. 1997). Defendant claims that there was no material breach in this case, because plaintiffs were holding $4,400.00 which lessee had paid to the landlords. While the Trial Court found these monies to be prepaid rent, there was no such agreement between the parties. The landlords, as noted earlier, in effect treated this as a rental payment for the month of October when the property was first leased, and maintained that position throughout the trial.

We conclude the provisions of the lease are binding and it unambiguously states the landlords may terminate the lease upon ten days notice if the rent is not timely paid. There was no such provision in the *Adams* case, and it is not factually analogous to this case. Assuming *arguendo* the rule in *Adams* applied, the landlords had unquestionably been deprived of timely rental payments over a period of time and were in danger of losing their gasoline franchise. There was no proof that their rental problem would likely be cured by defendant. Defendant also argues that he was constructively evicted by the plaintiffs when the detainer action was improperly filed. Having held the detainer action was proper, this issue is moot.

Defendant further argues that plaintiffs were unjustly enriched by being awarded a full month's rent for the rental period of September 12 to October 12, when defendant had voluntarily surrendered possession on September 22. The Trial Court awarded plaintiffs rent for the full month, and we find no error in this award.

The landlords seek attorney's fees for defending the appeal. In this regard, Tennessee common law imposes duty of good faith and fair dealing in the performance of contracts. *See Wallace v. National Bank of Commerce*, 938 S.W.2d 684 (Tenn. 1996). We hold that the landlords breached their covenant of good faith and fair dealing with lessee by having collected rent for the month of October from the prior tenant, and then again collecting rent for the same month from

lessee.[1]  This breach, however, did not prevent the landlords from evicting the tenant for a breach of a specific provision of the lease, but in our view this breach of good faith and fair dealing by the landlords negates their right to recover attorney's fees.  Accordingly, we reverse the award of attorney's by the Trial Court, and deny requested attorney's fees on appeal.  The Judgment of the Trial Court is affirmed, as modified, and the cause remanded to enter an appropriate Judgment in accordance with this Opinion.

The cost of appeal is assessed one-half to Frank and Sue White and one-half to Gerald Edward Jenkins, II.

_____
HERSCHEL PICKENS FRANKS, J.

---

[1]The Trial Court treated the "deposit" as the last month's rent under the lease.  This is contrary to the landlord's testimony.  Mr. White testified:

Q.      So you collected - - or basically what you're telling the Court, you collected [October] rent from Mr. Jenkins and Fleenor/Neal –

A.      Yes, Ma'am.

Q.      For that same month?

A.      Yes, Ma'am.

-5-