# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
February 14, 2005 Session

## TIMOTHY L. DOSS v. AMY J. DOSS

**Appeal from the Family Court for Rhea County**
**No. 22792     James W. McKenzie, Judge**

---

**No. E2004-00759-COA-R10-CV - FILED APRIL 25, 2005**

---

On April 7, 2003, Amy J. Doss ("Mother") filed divorce and custody proceedings in the Circuit Court for Lake County, Illinois (the "Illinois Court"). On that same day, Timothy L. Doss ("Father") filed divorce and custody proceedings in the Family Court for Rhea County, Tennessee (the "Tennessee Court"). Both the Illinois Court and the Tennessee Court have asserted subject matter jurisdiction over the custody proceedings and inconsistent orders have been entered regarding child support and visitation. The issues on this Tenn. R. App. P. 10 interlocutory appeal by Mother center around whether the Tennessee Court had subject matter jurisdiction over the custody proceedings and, if so, whether it properly exercised that jurisdiction. We conclude that: 1) the Tennessee Court did not have "home state" subject matter jurisdiction; and 2) even if the Tennessee Court had "significant connection" subject matter jurisdiction, it nevertheless should have declined to exercise that jurisdiction because the Illinois Court clearly is the more appropriate forum. Accordingly, we vacate the judgment of the Tennessee Court with regard to the custody proceedings.

**Interlocutory Appeal Pursuant to Rule 10, Tenn. R. App. P.**
**Judgment of the Family Court Vacated; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Christine Mahn Sell, Valerie H. Richardson, and B. Elizabeth Dickson, Chattanooga, Tennessee, for the Appellant Amy J. Doss.

Timothy L. Doss, *pro se* Appellee.

# OPINION

## Background

This appeal centers around two custody proceedings filed on the same day. Father filed one in Tennessee and Mother filed the other in Illinois. Trial courts in both states have asserted subject matter jurisdiction over the parties' two minor children and inconsistent orders have been entered by these two courts. We granted Mother's request for an extraordinary appeal to determine whether the Tennessee Court had subject matter jurisdiction and, if so, whether it properly exercised that jurisdiction over the two children.

Mother and Father were married on November 11, 2000, in Rhea County, Tennessee. While the parties were living in Tennessee, their first child, a son, was born on August 10, 2001. Approximately two weeks after the birth of their son, Mother and Father moved to Round Lake, Illinois. The parties still lived in Illinois when their second child, a daughter, was born on September 22, 2002. Father returned to Tennessee on October 4, 2002, in search of employment. Mother and the two children soon followed, moving to Tennessee on October 11, 2002. The parties apparently experienced marital problems resulting from Father's alleged drug abuse. The parties separated on April 4, 2003, and Mother and the children returned to Illinois on that date.

Mother filed a complaint for divorce in the Illinois Court on April 7, 2003. Along with the complaint, Mother sought and obtained an *ex parte* Order of Protection based on her claims that Father had threatened and physically abused her. Father was served personally with the complaint and the *ex parte* Order of Protection. Father also was notified that a hearing on the *ex parte* Order of Protection was scheduled for May 30, 2003. Despite this notification, Father did not appear at the hearing and the Illinois Court issued a Final Order of Protection based on Mother's testimony. In the Final Order of Protection, the Illinois Court after specifically holding that it had jurisdiction over the two minor children then granted Mother temporary physical custody of the children and reserved the matter of Father's visitation for a later determination.

On the very same day that Mother filed her complaint for divorce in Illinois, Father filed a complaint for divorce in the Tennessee Court. In his complaint Father sought equal co-parenting time with the children. In response to Father's complaint, Mother made a special appearance and filed a motion to dismiss contesting the Tennessee Court's subject matter jurisdiction over the custody proceedings. Mother argued the Tennessee Court did not have jurisdiction for several reasons, including the fact that the Illinois Court already had asserted jurisdiction over the custody proceedings involving the children. The Tennessee Court conducted an evidentiary hearing on Mother's motion to dismiss on July 14, 2003.

After the July 14th hearing but before the Tennessee Court issued its ruling on Mother's motion to dismiss, the Illinois Court held Father in default because he failed to answer Mother's complaint for divorce or otherwise appear in that action. On August 19, 2003, the Illinois

Court entered a Judgment for Dissolution of Marriage. As relevant to this appeal, the Illinois Court's judgment states as follows:

> The Court, having subject matter [jurisdiction] over the children, as they are residing in the County of Lake and State of Illinois, ...[this court] exercise[s] jurisdiction because the children and [Mother] have a significant connection with this State and there is available in this State substantial evidence concerning the children's present or future care, protection, training and personal relationships, grants [Mother] sole custody of the minor children of the parties. Child Support is reserved until such time as [Mother] can ascertain the income of [Father]. [Father] shall obtain and pay for medical insurance for the minor children. Anything not covered by insurance shall be split 50-50% between the parties. If [Father] fails to obtain insurance, and [Mother] is forced to obtain such a plan to cover the children, [Father] shall reimburse [Mother] the cost to carry the children, plus any associated costs with the enforcement of this prevision (sic). Issues of visitation are reserved until such time as [Father] appears in court.

The Illinois Court in its judgment expressly retained its jurisdiction for "purposes of enforcement, visitation, child support and maintenance …." The Illinois Court later exercised that jurisdiction when it ordered Father to pay $92.00 per week in child support and entered a judgment against Father for $1,288 in child support arrearages.

On August 27, 2003, eight days after entry of the Illinois Court's judgment, the Tennessee Court entered an order denying Mother's motion to dismiss. The Tennessee Court concluded in this order that "Father has established Tennessee as the 'home state' as defined in T.C.A. §36-6-202 and even though the youngest child is [more] than 6 months old Tennessee has been the child's home state within 6 months before commencement of the proceedings on April 7, 2003."[1] In short, the Tennessee Court denied Mother's motion to dismiss after concluding it had subject matter jurisdiction over the custody proceedings. The Tennessee Court entered a temporary order in April of 2004 establishing Father's child support at $60.00 per week with the payments to begin on March 19, 2004. The Tennessee Court also established a temporary visitation schedule for Father.

We granted Mother's application for an extraordinary appeal pursuant to Tenn. R. App. P. 10. The only issues to be resolved in this interlocutory appeal are whether the Tennessee

---

[1] The order actually stated that the younger child was "less than six months old." We are assuming that the Tennessee Court meant to state that the younger child was more than six months old since she was 6 ½ months old when the child custody proceedings were filed.

Court correctly concluded that it had subject matter jurisdiction over the custody proceedings and, if so, whether it properly exercised that jurisdiction. Father is *pro se* and has not filed a brief.

## **Discussion**

The factual findings of a trial court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

In 1999, the Tennessee legislature passed the Uniform Child Custody Jurisdiction and Enforcement Act, Tenn. Code Ann. § 36-6-201 *et seq.* ("the Act").[2] The underlying purpose of the Act is set forth specifically in the statute and is particularly apropos to this case. In relevant part, the Act provides:

> This part shall be liberally construed and applied to promote its underlying purposes and policies. This part should be construed according to its purposes, which are to:
>
> (1) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;
>
> (2) Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the [best] interest of the child;
>
> * * *
>
> (5) Avoid relitigation of custody decisions of other states in this state; and
>
> (6) Facilitate the enforcement of custody decrees of other states.

Tenn. Code Ann. § 36-6-202.

---

[2] The former Uniform Child Custody Jurisdiction Act was repealed and replaced by the Uniform Child Custody Jurisdiction and Enforcement Act in 1999.

In resolving the present jurisdictional dispute, the threshold issue we must resolve is whether either or both of the children have a "home state" as that term is defined in Tenn. Code Ann. § 36-6-205(7). This statute defines "home state" as follows:

> "Home state" means the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six (6) months of age, "home state" means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period[.]

Because both children were over six months of age when the custody proceedings were filed, we must look to the portion of the definition which applies to children of that age. In other words, we must ascertain whether the children were living in either Tennessee or Illinois for the six consecutive months *immediately before* commencement of the proceedings, i.e., from October 7, 2002, through April 7, 2003. During this period, both children lived in Illinois for four days, then in Tennessee for five months and three weeks, and then again in Illinois for three days.[3] Based on a straight-forward reading of the statute and because neither of the children lived in any one state for this entire six month period, we conclude that neither child has a "home state" as that term is defined in the statute.

However, the issue of whether the Tennessee Court had jurisdiction over the present child custody proceedings is not determined solely by whether Tennessee was the children's home state on the day the proceedings were filed. We also must examine the section of the Act which confers jurisdiction on the Tennessee courts in these type of proceedings. Jurisdiction is conferred on the Tennessee courts as follows:

> **Jurisdiction to make custody determination. –** (a) Except as otherwise provided in § 36-6-219, a court of this state has jurisdiction to make an initial child custody determination only if:
>
> (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

---

[3] There was some factual dispute regarding the exact date the parties returned to Tennessee in October of 2002. For purposes of this appeal, we accept the Tennessee Court's factual findings regarding pertinent time frames and dates. We also note that both children have continued to reside in Illinois with Mother since April 4, 2003. Because of this, even though the children had returned to Illinois for only three days before the custody proceedings were filed, we do not believe this three day time period can properly be considered a "temporary absence" from the state of Tennessee. There was nothing "temporary" about this three day time period.

(2)  A court of another state does not have jurisdiction under subdivision (a)(1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under § 36-6-221 or § 36-6-222, and:

(A)  The child and the child's parents, or the child and at least one (1) parent or a person acting as a parent, have a significant connection with this state other than mere physical presence;  and

(B)  Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3)  All courts having jurisdiction under subdivision (a)(1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under § 36-6-221 or § 36-6-222;  or

(4)  No court of any other state would have jurisdiction under the criteria specified in subdivision (a)(1), (2), or (3).

(b) Subsection (a) is the exclusive jurisdictional basis for making a child-custody determination by a court of this state.…

Tenn. Code Ann. § 36-6-216.[4]

We have already determined that Tennessee was not the home state for either child on the date these proceedings were filed.  Pursuant to Tenn. Code Ann. §36-6-216(a)(1), Tennessee courts still can have home state jurisdiction if three elements are met: (1) Tennessee was the home state for the children at any time within six months before commencement of these proceedings, i.e., from October 7, 2002 to April 7, 2003; (2) the children are absent from Tennessee; and (3) a parent continues to live in Tennessee.  This is referred to as six month "extended home state jurisdiction."[5] We only need to determine if the first element is satisfied here because the last two elements clearly are met as the children are absent from Tennessee and Father continues to reside here.

---

[4] The exception contained in Tenn. Code Ann. § 36-6-219 referenced at the very beginning of this statute applies to temporary emergency jurisdiction and is not applicable to this case.

[5] *See* Comment 1 of The Comments to Official Text pertaining to Tenn. Code Ann. § 36-6-216. *See also* Tenn. Code Ann. § 36-6-204 which directs the Tennessee Code Commission to include as "Official Comments" those comment provisions pertaining to the corresponding part of the Act.

With regard to the older child, the first element will have been met if, at any time between October 7, 2002 and April 7, 2003, the older child reached an anniversary date for living in Tennessee for six consecutive months. Since the older child has never lived in Tennessee for six consecutive months, Tennessee could not have been his home state at any time between October 7, 2002 and April 7, 2003. It necessarily follows that Tennessee does not have extended home state jurisdiction over the older child.

The younger child likewise has never lived in Tennessee for six consecutive months. However, since the younger child was less than six months old for most of the time period between October 7, 2002 and April 7, 2003, Tennessee still could be her home state if Tennessee was "the state in which the child lived from birth with any of the persons mentioned." Tenn. Code Ann. § 36-6-205(7). Because the younger child was born in Illinois and lived there for two weeks before moving to Tennessee with her parents, Tennessee clearly cannot be considered the state where she "lived from birth." *Cf Culp v. Culp*, 917 S.W.2d 233 (Tenn. Ct. App. 1995)(interpreting a similar provision of the Alabama Code and concluding Alabama was the home state of the child for one month after his birth and before being removed from Alabama to Tennessee by the mother). Tennessee, therefore, does not have extended home state jurisdiction over the younger child.

The Tennessee Court concluded it had home state jurisdiction over the custody proceedings. This determination was in error because the Tennessee Court had neither home state jurisdiction nor six month extended home state jurisdiction. Our inquiry, however, does not end here because home state jurisdiction is not the only manner in which a Tennessee court can obtain jurisdiction. While home state jurisdiction is given priority over all other types of jurisdiction, the next type of jurisdiction in order of priority is "significant connection jurisdiction" which is established according to Tenn. Code Ann. § 36-6-216(a)(2), *supra*. This statutory section requires us to determine initially whether Illinois has home state jurisdiction or six month extended home state jurisdiction. Since neither child lived in Illinois for six consecutive months immediately before commencement of these proceedings, Illinois in not the children's home state. Illinois could have six month extended home state jurisdiction if : (1) Illinois was the home state for the children at any time between October 7, 2002 and April 7, 2003; (2) the children are absent from Illinois; and (3) a parent continues to live in Illinois. For four days from October 7th through the 10th, Illinois was the older child's home state because he was older than six months and for this brief period of time he had lived in Illinois for six consecutive months. Likewise, for these same four days Illinois was the home state of the younger child since she was less than six months old and had lived in Illinois from birth. Thus, Illinois satisfies the first element. The third element also is satisfied because Mother continues to reside in Illinois. The second element, however, is not met because the children are not absent from Illinois.

Pursuant to Tenn. Code Ann. § 36-6-216(a)(2)(A) & (B), if a court of another state has home state or extended home state jurisdiction, it nevertheless can decline to exercise that jurisdiction if Tennessee is a "more appropriate forum under § 36-6-221 or § 36-6-222." If a court of another state does not have home state or extended home state jurisdiction, which Illinois does not, then Tennessee still can have jurisdiction if the children *and* at least one parent have a

significant connection with this state other than mere physical presence, and substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships. *See* Tenn. Code Ann. § 36-6-216(a)(2)(A) & (B).

Even if the Tennessee Court had significant connection jurisdiction, Mother had the right to question whether Tennessee was the appropriate forum pursuant to Tenn. Code Ann. § 36-6-222. In relevant part, this statute provides:

> **36-6-222. Declining jurisdiction – Inconvenient forum. –** (a) A court of this state which has jurisdiction under this part to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.
>
> (b) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
>
> (1) The length of time the child has resided outside this state;
>
> (2) The distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (3) The relative financial circumstances of the parties;
>
> (4) Any agreement of the parties as to which state should assume jurisdiction;
>
> (5) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
>
> (6) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
>
> (7) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; and

> (8) The familiarity of the court of each state with the facts and issues in the pending litigation.
>
> (c) If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child-custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper.…

After carefully reviewing the applicable factors listed in Tenn. Code Ann. § 36-6-222, we believe that Illinois clearly is a more convenient forum than Tennessee. Several factors support Illinois as the more convenient forum, separate and apart from the fact that Mother and the children have resided in Illinois since April 7, 2003. A significant factor favoring Illinois is that both courts have made temporary and/or final custody determinations designating Mother as the primary residential parent. It certainly makes sense, all other things being equal and if a choice is available, for a court in the state where the primary residential parent lives to decide custody and related matters. In addition, there are allegations of domestic violence and Illinois has entered a final order of protection. The Illinois Court certainly is in a better position to enforce its own order and protect Mother in the future, if necessary. The Illinois Court is as familiar with this case as the Tennessee Court. Of further significance is the fact that the Illinois Court has found that "the children and [Mother] have a significant connection with this State and there is available in this State substantial evidence concerning the children's present or future care, protection, training and personal relationships." Father offered no evidence to the contrary. Simply put, none of the factors listed in Tenn. Code Ann. § 36-6-222 favor Tennessee over Illinois as the most convenient forum.

To summarize, we hold that the Tennessee Court erred when it concluded that it had "home state" jurisdiction over the custody proceedings. Although the Tennessee Court never undertook to determine if it had "significant connection" jurisdiction, we conclude that even *if* it did have that jurisdiction, it nevertheless should have declined to exercise it pursuant to Tenn. Code Ann. § 36-6-222 because the Illinois Court is by far the most convenient forum.

Finally, we note that while Illinois has a statute which is very similar if not identical to the Tennessee statute in many respects, and even though the Tennessee Uniform Child Custody Jurisdiction and Enforcement Act required us in this case to examine the Illinois Court's jurisdiction vis-a-vis the Tennessee Court's jurisdiction, our Opinion should not be interpreted as an attempt to directly review the judgment of the Illinois Court or to otherwise invade the province of the Illinois appellate courts. Whether the Illinois Court properly exercised subject matter jurisdiction under the Illinois statute is a matter to be addressed by the Illinois appellate courts if called upon to do so. We hold only that the judgment of the Tennessee Court to exercise jurisdiction over the custody proceedings is vacated.

## Conclusion

The Judgment of the Tennessee Court is vacated and this cause is remanded to the Tennessee Court for further proceedings as necessary and consistent with this Opinion and for collection of the costs below. Costs on appeal are assessed against the Appellee, Timothy L. Doss.

_____
D. MICHAEL SWINEY, JUDGE